IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

SOUTHERN DISTRICT OF MISSISSIPPI
FILED
JUL 13 2011
J.T. NOBLIN, CLERK
BY_____DEPUTY

HAZEM BARMADA, MD,                          *
                                            *
            Plaintiff,                      *
v.                                          *   CASE NO.: 11cv283 HSO-JMR
                                            *
SINGING RIVER HEALTH SYSTEM,                *
D/B/A OCEAN SPRINGS HOSPITAL,               *
HEATH THOMPSON, & KEVIN HOLLAND*
                                            *
            Defendants.                     *

## COMPLAINT

### I

### INTRODUCTORY AND JURISDICTIONAL STATEMENT

This is an action seeking principally declaratory and injunctive relief, compensatory damages, and other relief to redress discrimination in employment on the basis of race, ethnicity, and national origin. This action is brought pursuant to 42 U.S.C. Section 1981, and the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, made actionable by 42 U.S.C. Section 1983.

This Court has jurisdiction pursuant to 28 U.S.C. Sections 1331 and 1343.

### II

### PARTIES

1. The Plaintiff, Dr. Hazem Barmada, is of the Moslem faith and is a citizen of the United States of America, of Middle Eastern descent, residing in Ocean Springs, Mississippi. Dr. Barmada

1

is physician duly licensed to practice medicine in the State of Mississippi, where he in fact practices cardiovascular and thoracic surgery. Plaintiff is a Board Certified Cardiothoracic Surgeon, a Fellow of the Royal College of Surgeons of Edinburgh, a member of the Society of Thoracic Surgeons, and a Fellow of the Royal Society.

2. Defendant Singing River Health System is a health care entity that operates two full service, acute care hospitals in the Southern District of Mississippi; Ocean Springs Hospital in Ocean Springs, Mississippi, and the Singing River Hospital in Pascagoula. These facilities are licensed pursuant to Miss. Code Ann. § 41-9-1 et seq., and therefore, their actions relating to standards relative to hospital staff privileges for physicians are controlled by statute, and all procedures adversely impacting a physician's staff privileges must comply with the hospital and/or medical staff bylaw requirements for due process.

3. Defendant Heath Thompson, white male, was the Administrator of Ocean Springs hospital at all times relevant to this complaint. He is one of the two signatories on an August 10, 2010, notice to Plaintiff advising him that his application for reappointment as a member of the Ocean Springs Hospital's medical staff had been denied. This defendant is sued in his individual capacity.

4. Defendant Kevin Holland, white male, was the Chief Operating Officer of Ocean Springs hospital at all times relevant to this complaint. He is also one of the two signatories on an August 10, 2010, notice to Plaintiff advising him that his application for reappointment as a member of the Ocean Springs Hospital's medical staff had been denied. This defendant is sued in his individual capacity.

## III

## **FACTUAL ALLEGATIONS**

5. As of August 2010, Plaintiff had served as a member of the medical staff of Ocean Springs Hospital for over nine (9) years.

6. During this period of association with Ocean Springs Hospital, Dr. Barmada had received no complaints from patients or their families regarding the medical services he provided at that location, and no actions on Plaintiff's part have contributed to an injury to any patient treated by Plaintiff or any monetary loss to the Defendant or its insurers.

7. In August 2010, Plaintiff received a letter dated August 10, 2010, advising that "[T]he Medical Executive Committee of Ocean Springs Hospital met on August 2, 2010 and considered the recommendation of the Joint Credentials Committee that your application for reappointment be denied. After careful review of the relevant information and after a thorough discussion, the Medical Executive Committee accepted this recommendation."

8. This August 10th letter was signed by Defendants Heath Thompson and Kevin Holland, and it further advised that "[P]ursuant to Article XI of the Medical Staff Bylaws, this recommendation entitles you to a hearing. You have 30 days following receipt of this letter to request a hearing."

9. Defendant Singing River's Medical Staff Bylaws provide that within five (5) days of the receipt of a request for a hearing from a physician facing adverse action, the Chief of Staff of the Board *shall* schedule and arrange for such a hearing and shall "through the Administrator", notify the practitioner of the time, place and date so scheduled, by certified mail, return receipt requested.

10. By letter dated August 30, 2010, Plaintiff submitted his written appeal of the Medical Executive Committee's adverse decision and hand-delivered it to the office of the Administrator, Defendant Heath Thompson.

11. Plaintiff did not receive a response to his request for a hearing within the five (5) day period required by the Defendant's Bylaws, so Plaintiff sent a second written notice of appeal to the Administrator dated September 9, 2010, advising of his request for a hearing regarding the adverse decision denying him staff privileges at Ocean Springs hospital. Plaintiff attached his initial appeal notice dated August 30, 2010, to this second notice.

12. In response to his second notice of appeal, Plaintiff did receive an acknowledgment signed by both Defendants Thompson and Holland advising Plaintiff that his hearing request had been forwarded to the Chief of Staff, and he would be contacted "shortly" regarding the date, time and location of the appeals hearing.

13. However, despite the representations set out in the defendants' letter of September 10th, Plaintiff never received a hearing to challenge the adverse action taken against him, and he has been denied the unrestricted right to practice his profession at Ocean Springs Hospital since August 2010.

14. These actions on the part of the defendants have caused great injury to the medical practice of plaintiff, and have interfered with his ability to render medical service to his patients.

15. Plaintiff alleges that the adverse actions taken against him were done under the color of law by the individually named Defendants; and was done for arbitrary and discriminatory reasons, in violation of his right to equal protection as provided by the Fourteenth Amendment to the United States Constitution.

16. Upon information and belief, Plaintiff further alleges that the adverse actions taken against him were motivated by racial concerns on the part of individuals who served on the Defendant's Joint Credentialing Committee and who also were his professional "competitors".

17. When Plaintiff's hospital privileges were up for two year renewal in 2008, he was renewed at Ocean Springs Hospital, but inexplicably not at Singing River Hospital, even though the two hospitals are under the same management.

18. Since in or about 2007, Plaintiff been the target of repeated attempts to restrict his practice and he has been the target of continuing incidences of unprofessional and harassing conduct.

20. During this period of time Plaintiff was removed from the hospital's on-call schedule for no stated reason and replaced by two newly hired non-Moslem and non-Middle Eastern cardiothoracic surgeons.

21. After approximately 18 months, Plaintiff was placed back on the call list, but rarely received any referral due to hospital management dictating which medical groups would receive calls with the specific intent of excluding Plaintiff.

22. In 2008 Dr. David Spencer, a senior member of a competitor medical group, which has at least two of its members on the Defendant's credentialing committee, entered the physician's lounge at Ocean Springs Hospital and approached Plaintiff in a confrontational manner, interrupting an on-going conversation by demanding to know "what lies you are telling now about President Bush?" Plaintiff did not have any knowledge of what Dr. Spencer was referring too in this belligerent and unprovoked comment.

23. In early 2009, the three pulmonologist first reduced their referrals to Plaintiff, and then later stopped all referrals to Plaintiff. When questioned about the reason for the lack of referrals, each failed to deny that hospital management had requested such action on their part.

24. Plaintiff now believes that this latest action to deny or restrict his privileges at Ocean Springs Hospital is due to his race and national origin, and alleges that no similar adverse action has been taken against physician of a different race or nationality that possess a similar "no-error" surgical record.

25. Upon information and belief, Plaintiff contend that even at least one physician of a different race and nationality has escaped similar adverse action by the defendants even though he has been accused of performing unjustified surgical amputations.

26. Plaintiff asserts that the Defendants have no legitimate reasons for denying, limiting or restricting his medical practice at Ocean Springs Hospital, and also have no legitimate reason for denying Plaintiff his contractual right to appeal such adverse action.

27. Plaintiff asserts that he has been denied due process by the defendant by their failure to afford him the procedural protections provided by the defendant hospital's bylaws, contrary to state statute.

## **COUNT ONE**

Because of its actions as outlined above, the Defendants have engaged in unlawful racial and nationality discrimination in employment in violation of 42 U.S. C. Section 1981, as amended by the Civil Rights Act of 1991.

## COUNT TWO

Because of its actions as outlined above, the individual Defendants Thompson and Holland have engaged in unlawful discrimination based on race and nationality, under color of law and in their individual capacities, by denying Plaintiff the same rights at the defendant hospital as given to physicians of other races and nationalities in violation of the Equal Protection Clause of the 14th Amendment of the U.S. Constitution made actionable by 42 U.S.C. 1983.

## COUNT THREE

Because of its actions as outlined above, all Defendants have breached all contractual rights provided to Plaintiff as set out in the Medical Staff Bylaws of the medical facility.

## COUNT FOUR

Because of its actions as outlined above, all Defendants have jointly denied Plaintiff due process in the restricting or removal of his staff privileges in direct conflict with the rights provided to Plaintiff as set out in the Medical Staff Bylaws of the medical facility.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against the Defendants as follows:

(a) A declaratory judgment that the Defendants have engaged in unlawful racial and nationality discrimination in employment in violation of 42 U.S.C. Section 1981, as amended by the Civil Rights Act of 1991.

(b) A declaratory judgment that the individual Defendants Thompson and Holland have engaged in unlawful discrimination based on race and nationality, under color of law, in their denial of medical practice privileges to Plaintiff that are provided to those of other races and nationalities in violation of the Equal Protection Clause of the 14th Amendment of the U.S. Constitution made

actionable by 42 U.S.C. 1983.

(c) A declaratory judgment that all Defendants collectively have breached their contract with Plaintiff that provides him certain procedural safeguards prior to the termination or restriction of his ability to practice his medical specialty at the defendant medical facility.

(d) A declaratory judgment that all Defendants have jointly denied Plaintiff due process in the restricting or removal of his staff privileges contrary to the mandates of the Medical Staff Bylaws of the medical facility.

(e) Enjoin Defendants from engaging in discriminatory conduct and order that the Plaintiff be provided all employment and contractual benefits denied to him due to the defendants' unlawful conduct.

(f) Award the Plaintiff $500,000.00 as compensatory damages for the resulting mental suffering and humiliation, and award Plaintiff the sum of $1,500,000 as punitive damages for the Defendants willful and intentional unlawful acts against him.

(g) Award Plaintiff his costs and expenses in bringing this action, including a reasonable attorney's fee; and,

(h) Award such other alternate relief as the court may deem just and proper.

**JURY TRIAL DEMANDED**

Respectfully submitted,

_____
HAZEM BARMADA, MD
*PRO SE*
1155 Ocean Springs Road
Ocean Springs, MS 39564
Tel: (228) 238-3004  Fax: (228) 872-1948
HazemBarmada@bellsouth.net